IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas Jay SALMEN, Attorney at Law.

Supreme Court

*No. 93–2646–D. Filed October 12, 1994.*

(Also reported in 522 N.W.2d 219.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Thomas Jay Salmen to practice law in Wisconsin be suspended for one year as discipline reciprocal to that imposed on him by the Minnesota Supreme Court in May, 1992 for professional misconduct. That misconduct consisted of making a false statement of fact to a tribunal, offering evidence he

318

knew to be false, falsifying evidence or counseling or assisting a witness to testify falsely, engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and conduct prejudicial to the administration of justice. The Minnesota Supreme Court's order for discipline suspended Attorney Salmen's license to practice law in that jurisdiction indefinitely and for a period of not less than one year and conditioned license reinstatement on his successful completion of the professional responsibility portion of the Minnesota bar examination, his satisfaction of continuing legal education requirements and his compliance with the rules applicable to an attorney whose license is suspended.

Attorney Salmen's misconduct in Minnesota occurred in a marital dissolution proceeding in June, 1989 in which he represented a man with whom he had participated in a number of joint real estate investments since 1985, in one of which Attorney Salmen gave him a $27,736 promissory note for his interest in certain property. In the divorce proceeding, the client claimed that he owed Attorney Salmen $83,750 in connection with the latter investment and provided copies of a letter to that effect from Attorney Salmen to the client dated May 3, 1988 and a promissory note dated December 15, 1988. When it became apparent that Attorney Salmen would be called as a witness in the divorce action, Attorney Salmen's firm withdrew as counsel.

When he first appeared to testify in that proceeding, Attorney Salmen did not bring with him any record of the transaction out of which the claimed debt was alleged to have arisen, even though he had been subpoenaed to do so. He testified that the $83,750 promissory note and his letter to the client were genu-

319

ine. The referee in the Minnesota disciplinary proceeding found that the letter could not have been written on the purported date, as the stationery on which it had been typed was not available until six months thereafter.

Attorney Salmen was admitted to practice law in Wisconsin in 1985. He maintains his law office in St. Paul, Minnesota. He has not previously been the subject of an attorney disciplinary proceeding in Wisconsin. The Minnesota license suspension became effective May 18, 1992 and his license to practice law there was reinstated 18 months later. While he had notified the Minnesota Supreme Court that he was also licensed to practice law in Wisconsin, Attorney Salmen did not notify the Board of Attorneys Professional Responsibility (Board) in Wisconsin of the Minnesota disciplinary proceeding and license suspension.

Attorney Salmen entered into a stipulation with the Board in November, 1993 and pleaded no contest to the allegations of misconduct set forth in the Board's complaint. The referee, Attorney Linda Balisle, concluded that the misconduct for which Attorney Salmen was disciplined in Minnesota would constitute violations of similar rules of attorney professional conduct in Wisconsin. The referee further concluded that Attorney Salmen violated SCR 22.25(1)[1] by failing to inform the Board promptly that he was subjected to public discipline in another jurisdiction. The referee recom-

---

[1] SCR 22.25 provides:

**Reciprocal discipline.**

(1) An attorney admitted to practice law in this state, upon being subjected to public discipline or suspended for medical incapacity in another jurisdiction, shall promptly inform the administrator of the action. Failure to furnish the notice within 20 days of the effective date of the order or judgment constitutes misconduct.

320

mended that, pursuant to SCR 22.25(5),[2] discipline "identical" to that imposed in Minnesota be imposed here. Noting that Wisconsin does not impose indefinite license suspensions for misconduct, the referee recommended that the court suspend Attorney Salmen's license to practice law in Wisconsin for one year.

The referee acknowledged that, had Attorney Salmen promptly notified the Board of his Minnesota suspension, reciprocal discipline could have commenced at the same time as the Minnesota license suspension; because he did not, a contemporaneous Wisconsin license suspension was not possible. The Board was not informed of the Minnesota suspension until June, 1993 and by the time briefs were filed in this proceeding, Attorney Salmen's license to practice law in Minnesota already had been reinstated. Acknowledging that Attorney Salmen has not practiced law in Wisconsin since the date of his Minnesota suspension and has fully cooperated in this proceeding, the referee recommended that the one-year license suspension commence the date of the order imposing it.

Although he did not appeal from the referee's recommendation, Attorney Salmen filed a letter asking

---

[2] SCR 22.25 provides:

**Reciprocal discipline.**

. . .

(5) Upon the expiration of 20 days from service of the complaint issued under sub. (2), the referee shall file a report with the court recommending the imposition of the identical discipline or medical suspension unless:

(a) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the referee could not accept as final, the conclusion on that subject; or

(c) The misconduct established justifies substantially different discipline in this state.

that the court order reinstatement of his license to practice law in Wisconsin as soon as practicable. As grounds for that request, Attorney Salmen asserted that the referee was dilatory in reporting on this matter. In that regard, the record discloses that the referee was appointed on October 7, 1993 and issued a scheduling order October 29, 1993 requiring a stipulation of facts to be submitted by November 24, 1993 and setting the time for briefs on the issue of discipline. The last brief was filed December 6, 1993 and the referee filed her report with the court on June 13, 1994.

We reject Attorney Salmen's contention that reinstatement from that suspension at a date earlier than is customary would be warranted because of the length of time that elapsed before the referee's report was filed with the court. As the referee noted and the Board reiterated, the long period of time required for the disposition of this reciprocal disciplinary proceeding could have been avoided had Attorney Salmen met his obligation under this court's rules to notify the Board promptly of the Minnesota proceeding and the discipline that resulted from it. We adopt the referee's findings of fact and conclusions of law concerning Attorney Salmen's professional misconduct and determine that the recommended one-year suspension of his license to practice law in Wisconsin is appropriate discipline to impose for it.

IT IS ORDERED that the license of Thomas Jay Salmen to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas Jay Salmen pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a

showing to this court of his inability to pay the costs within that time, the license of Thomas J. Salmen to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Thomas Jay Salmen comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.